IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 14-008-GMS ) |
| CELLO PARTNERSHIP d/b/a Verizon Wireless, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Errick M. Wright ("Wright"), filed this lawsuit on January 6, 2014 raising claims under the Fair Credit Report Act and Delaware law. (D.I. 2.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Wright filed his complaint alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and Delaware law. The complaint names twenty-three defendants and contains nine counts. The claims revolve around alleged unpaid debts, loan applications, and Wright's credit report.

**II. STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the

light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished).

## III. DISCUSSION

Wright filed the instant complaint against twenty-three defendants. Notably, while Wright invokes similar law against the defendants, the complaint contains unrelated claims against the defendants, as follows:

    1. Cellco Partnership doing business as Verizon Wireless ("Verizon"), Alexis Eon, Diversified Consultants, Inc. ("Diversified Consultants"), Experian Information Solutions Inc. ("Experian"), Teresa Iwonsky ("Iwonsky"), Equifax Information Services, LLC ("Equifax"), and

Trans Union, LLC ("Trans Union") relating to an alleged debt owed to Verizon that was sent to Diversified Consultants for collection.

    2. Credit Protection Association LP ("Credit Protection") regarding an account placed with it for collection.

    3. I.C. System Inc. ("I.C. System") regarding an account placed with it for collection

    4. Barclay's Bank Delaware ("Barclay's), Peri Hutt ("Hutt"), Claudia Roark ("Roark"), Experian, Iwonsky, Equifax, and Trans Union regarding an alleged debt owed to Barclay's.

    5. Chase Bank USA, NA ("Chase"), Lisa Colon ("Colon"), Experian, Iwonsky, Equifax, and Trans Union regarding an alleged debt owed to Chase.

    6. Kohl's Department Stores, Inc. ("Kohl's), Experian, Iwonsky, Equifax, and Trans Union regarding an alleged debt owed to Kohl's.

    7. Santander Bank, NA ("Santander"), CBC Innovis, Inc. ("CBC Innovis"), Experian, Iwonsky, Equifax, and Trans Union regarding an alleged mortgage loan application.

    8. Citibank NA ("Citibank"), Experian, and Iwonsky regarding the denial of an application for a line of credit based upon Wright's consumer reports.

    9. Macy's, Inc. ("Macy's) regarding a statement that Wright was "previously delinquent with our firm."

    10. Chex Systems, Inc. ("Chex Systems") for failing to include Wright's statement in his consumer file on December 1, 2013.

    11. Early Warning Services, LLC ("Early Warning") and Donald C. Overlock ("Overlock") for failing to include Wright's statement in his consumer file on December 16, 2013.

    12. Nailah Grinnage ("Grinnage") regarding an alleged debt owed to Grinnage and an unnamed third party.

The complaint is clearly unmanageable and the twenty-three defendants would have great difficulty responding to it. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which

3

present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

The court's examination of the complaint indicates that Wright should have filed twelve separate complaints. As set forth above, the claims that are currently in the complaint do not arise out of the same transaction or occurrence or series of transactions or occurrences. Indeed, the complaint contains a host of completely unrelated claims relating to different debts, loan applications, and debt reporting practices that occurred during different times with different parties.

Based upon the foregoing discussion, the complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20, and without prejudice to the filing of twelve new complaints. Wright is cautioned that the new complaints must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Wright believes that he has been subjected to more than one violation, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

Wright is warned that the inclusion of separate, unrelated claims, will be considered a failure to comply with this court's order and will result in dismissal of any newly filed complaint. *See* Fed. R. Civ. P. 20. In addition, new complaints filed in compliance with this order shall not include new claims.

4

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint without prejudice to the filing of twelve new complaints as the instant complaint is noncompliant with Fed. R. Civ. P. 20. All pending motions will be denied without prejudice and as moot.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

March 25, 2014
Wilmington, Delaware